*431 OPINION OF THE COURT
Joseph Jaspan, J.
Armed with an apparently valid warrant, the police, on September 15, 1977, searched a twin-engine Beechcraft which had just landed at Suffolk County Airport and seized 250 pounds of marihuana. The sole occupants of the plane, the defendants herein, were arrested and thereafter indicted for criminal possession of marihuana in the first degree (Penal Law, § 221.30).
Effective July 29, 1977, marihuana was no longer classified as a controlled substance (Penal Law, § 220.00, subd 5) and offenses with respect thereto were set forth in a new article 221.
Attack upon the sufficiency of the search warrant raises the question as to whether there was a legislative oversight at the time of the enactment of article 221 as a result of which no wiretap order may issue with respect to the crimes of sale or possession of marihuana.
The affidavit of Detective Investigator Gordon Nilsen dated September 13, 1977 in support of the search warrant adequately demonstrates reasonable cause to believe that a crime was being committed and meets all of the requirements of CPL article 690.
However, it is argued that a critical portion of the information set forth in that affidavit was tainted at its source by the prior improper issuance and use of orders authorizing electronic surveillance.
The first of these orders dated August 5, 1977 authorized the interception and recording of conversations of one James Fiore over a designated phone specifically relating to the crimes of possession and sale of controlled substances and conspiracy to commit those crimes. The application reports in great detail contemplated and completed transactions involving sale and possession of marihuana and cocaine.
In connection with the same investigation, a subsequent order was obtained under date of August 31, 1977 authorizing the interception and recording of communications over telephone instrument listed to the defendant, William Cuthel, in connection with the same defined crimes, possession and sale of controlled substances and the conspiracy to commit said crimes. The application, however, relates in detail to the negotiations to procure the appropriate aircraft and pilots to *432 transport quantities of marihuana and cocaine from Columbia to Long Island.
The intercepted communications provided a basis for the search warrant which was issued and executed on September 15, 1977. After the seizure of the marihuana, the District Attorney applied on September 21, 1977, pursuant to CPL 700.65 (subd 4), and obtained an amendatory order dated September 23, 1977 authorizing "the interception of conversations of William Cuthel, Frank Bove, Stephen Beizer, John Doe a/k/a Rod and their confederates and co-conspirators for the additional crimes of criminal possession of marijuana as a felony, criminal sale of marijuana as a felony and conspiracy to commit said crimes”.
This amendment was an effort to comply with the provisions of CPL 700.65 (subd 4).
That section reads as follows: "4. When a law enforcement officer, while engaged in intercepting communications in the manner authorized by this article, intercepts a communication which * * * constitutes evidence of any crime that has been, is being or is about to be committed, the contents of such communications, and evidence derived therefrom, may be disclosed or used as provided in subdivisions one and two. Such contents and any evidence derived therefrom may be used under subdivision three when a justice amends the eavesdropping warrant to include such contents. The application for such amendment must be made by the applicant as soon as practicable. If the justice finds that such contents were otherwise intercepted in accordance with the provisions of this article, he may grant the application.”
This section was designed to give validity to the inadvertent interception of "windfall evidence” of another crime unrelated to the one for which the warrant was issued. It was intended to engraft the "plain view” exception upon the general constitutional requirement that the evidence sought must be particularly described in the application for the eavesdropping warrant. (People v Di Stefano, 38 NY2d 640; People v Iucci, 61 AD2d 1.)
But the amendment of September 23, 1977 did not affect any prior order and at best was purely cosmetic. The information as to the import, possession and sale of marihuana was an integral part of the applications submitted in support of each of the prior orders. The evidence elicited by electronic surveillance was expected and cannot be deemed to have been *433 a "windfall” spinoff from the major target of the investigation. The police had reason to believe an effort would be made to import and deal with the controlled substance of cocaine and of marihuana and the intercepted communications support that belief.
CPL 700.65 (subd 4), is therefore not applicable to the facts in this case. Accordingly, the alleged time delay in securing the order of September 23, 1977, is of no consequence. It should be noted parenthetically that a six-day delay does not necessarily invalidate the order. (United States v Principe, 531 F2d 1132.)
Since the amendatory order was not corrective, a determination must be made as to the validity of the two prior orders and the use of any evidence derived therefrom in support of the application for the search warrant.
The problem arises from the language of CPL 700.05 which incorporates by reference the offenses concerning which an eavesdropping order warrant may issue. Included therein in paragraph (c) of subdivision 8 are the various degrees of crime related to possession and sale of controlled substances, typical of which would be the following: "criminal possession of a controlled substance in the fifth degree as deñned in section 220.09 of the penal law.” (Emphasis added.)
At the time of the enactment of CPL article 700, marihuana was defined as a controlled substance. But when marihuana was reclassified, all reference to it was excised from the controlled substances sections in article 220 and transferred without such a designation to article 221. Since CPL 700.05 was not amended to include reference to article 221, it might appear that eavesdropping warrants could no longer issue with respect to marihuana.
The question thus presented is whether the Legislature intended to modify CPL 700.05 or merely overlooked the necessity for a conforming amendment. If there was no legislative intent to exclude possession or sale of marihuana from the list of crimes for which an eavesdropping warrant may be issued, then the afore-mentioned orders were valid and the information derived therefrom could be properly used in support of the application for the search warrant after the effective date of article 221, July 29, 1977.
On approving the predecessor of CPL article 700 "Eavesdropping Warrants” (L 1969, ch 1147) the Governor wrote: "The bill, enacted upon my recommendation, conforms State *434 standards for court authorized eavesdropping warrants with federal standards and increases the flexibility of this law enforcement tool in the battle against organized crime.” (NY Legis Ann, 1969, p 586.)
Reference is then made to title III of the Omnibus Crime Control and Safe Street Act of 1968 and adds: "The bill will also promote effective law enforcement within the State by reducing the potential for confusion among law enforcement officials and the likelihood of non-substantive litigation arising out of unnecessary differences between the two laws.” (NY Legis Ann, 1969, p 586.)
Title 18 (§ 2516, subd [1], par [e]) of the United States Code authorizes electronic surveillance for the investigation of traffic in narcotics? marihuana or other dangerous drug. Under subdivision (2) of section 2516, State law enforcement officers may obtain orders under State law to investigate and obtain evidence of the commission of those crimes where the offense is punishable by imprisonment for more than one year.
While a State could impose requirements more restrictive than those set forth in the Federal law (Law of Electronic Surveillance, § 4.06 [2] [a], p 194), no such intent is evident with respect to enforcement of State laws against sale and possession of marihuana. It is apparent that although the State now decriminalizes possession of small amounts, it has not yielded in its effort to prosecute those engaged in large scale dealings such as sales of quantities in excess of 25 grams, which continue to be classified as felonies (Penal Law, §§ 221.45, 221.50, 221.55) or possession of more than eight ounces which are also classified as felonies with increasing penalties as the amounts reach and exceed 10 pounds (Penal Law, §§ 221.20, 221.25, 221.30).
The marihuana legislation of 1977 should have included an amendment to CPL 700.05. But the failure to enact such a provision does not evince an intent to now exclude this substance from the list of crimes for which an eavesdropping warrant may be obtained. Such an enactment would take the State legislation out of conformity with the Federal enactment and make it inconsistent with section 2516 of title 18 of the United States Code, a result contrary to the intent expressed when chapter 1147 of the Laws of 1969 was enacted.
Even if a stricter interpretation were to be applied, the circumstances in this case would not warrant the order of suppression.
*435 In the absence of such a legislative intent, marihuana does not become a crime protected from this investigating tool.
There is another practical consideration which leads to the same conclusion.
The application for the warrants provide detailed information as to the projected crimes involving both cocaine and marihuana, under circumstances which have a unity of purpose and do not permit a separation of the substances into categories. It would be unrealistic to believe that intercepted conversations could be so monitored as to cut off reference to marihuana while taping the evidence as to cocaine. They were to be picked up, delivered, possessed as a unitary activity and the courts were so advised.
Where one course of conduct involves two crimes, only one of which can be the basis for an eavesdropping warrant, the evidence as to the other need not be suppressed, where the application is made in good faith and not as an excuse to create a vehicle for investigation of the unlisted crimes. The facts available to this court support a finding of good faith and justify the issuance of the warrant. While the language of the order refers only to controlled substances, the supporting papers clearly indicate that both cocaine and marihuana were involved.
The motion to suppress is denied insofar as it is directed to the foregoing legal issue.
The defendant Bove also alleges (1) that all of the information was derived from what he describes as a "bug” on the Cuthel phone; (2) that there was no reasonable effort at minimization; and (3) that the search warrant was not properly executed. A hearing as to these issues will be held on March 10, 1978 at 9:30 a.m.
In the interim, the District Attorney shall permit the defendants and their counsel to listen to all of the tapes on the Cuthel phone and any of the tapes on the Fiore phone which all directly or indirectly related to this case and the search warrant issued on September 13, 1977. The minimization hearing shall be limited to those specific tapes which are identified by the defendants in a supplemental application as evidence of a violation of that statutory requirement.