■ In the Matter of JOEL POKORNY, by RUTH SCHRENZEL, as Agent and Attorney in Fact, as Owner of Premises 102 Pierrepont Street, Brooklyn, New York, Respondent, v DANIEL W. JOY, as Commissioner of the Department of Rent and Housing Maintenance of the City of New York, Appellant. —In a proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the City Commissioner of Rent and Housing Maintenance, dated January 6, 1978, as reversed a determination of the district rent director increasing the maximum rent on the basis of certain leases, the city commissioner appeals from a judgment of the Supreme Court, Kings County, entered April 28, 1978, which, *inter alia,* annulled that portion of the determination. Judgment affirmed, without costs or disbursements. Under the circumstances, the adjustment of the maximum rent to the level directed by Special Term is mandated by section Y51-5.0 of the Administrative Code of the City of New York, which pertinently provides: "g. (1) The city rent agency may from time to time adopt, promulgate, amend or rescind such rules, regulations and orders as it may deem necessary or proper to effectuate the purposes of this title, including practices relating to recovery of possession; provided that such regulations can be put into effect without general uncertainty, dislocation and hardship inconsistent with the purposes of this title; and provided further that such regulations shall be designed to maintain a system of rent controls at levels which, in the judgment of such agency, are generally fair and equitable and which will provide for an orderly transition from and termination of emergency controls without undue dislocations, inflationary price rises or disruption. Provision shall be made, pursuant to regulations prescribed by such agency, for individual adjustment of maximum rents where: * * * (j) The presence of unique or peculiar circumstances materially affecting the maximum rent has resulted in a maximum rent which is substantially lower than the rents generally prevailing in the same area for substantially similar housing accommodations." Rabin, J. P., Gulotta, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BOVE, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered July 17, 1978, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur. [93 Misc 2d 430.]